9 F.3d 109
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David W. RUSSELL, Plaintiff-Appellant,
v.
David K. BATSCHE, Defendant-Appellee.
 No. 92-4335.
 United States Court of Appeals, Sixth Circuit.
 Oct. 27, 1993.
 
 Before: MARTIN and JONES, Circuit Judges; and DEMASCIO, Senior District Judge.*
 PER CURIAM.
 
 
 1
 David W. Russell appeals the dismissal of his complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Russell contends that the district court erred in finding that Russell did not show sufficient facts to allege that the defendant acted outside the scope of the defendant's official immunity. For the following reasons, we affirm the district court.
 
 
 2
 On August 3, 1992, David W. Russell filed a complaint asserting an action under 42 U.S.C. Sec. 1983 against David K. Batsche, an Ohio municipal court judge. Russell alleges that on July 3, 1990, Batsche sentenced Russell on three charges in Mason Municipal Court, Warren County, Ohio. According to Russell, Batsche sentenced him to six months incarceration on each charge, to run consecutively, suspended the sentence, and placed him on probation for a period of ten years on the condition that he leave the State of Ohio. Russell maintains that, upon learning that Russell had not left the state, Batsche issued a bench warrant on July 31 for Russell's arrest. Russell claims that he was arrested on the warrant and imprisoned for over eight months, without the benefit of hearing or bail. On April 3, Russell was released on a writ of habeas corpus.
 
 
 3
 On September 6, the district court directed Russell to show cause why his complaint should not be dismissed, given Russell's concession that Batsche was "acting in the capacity of a judge of the Mason Municipal Court" at the time of the actions upon which the complaint is based. In response, Russell argued (1) that Batsche acted in his individual capacity and thus was not entitled to the protection of the eleventh amendment, and (2) that Batsche acted outside of his jurisdiction in taking the actions complained of and thus was not entitled to judicial immunity. In a well-reasoned opinion, the district court found that Batsche was entitled to absolute immunity for the acts alleged in Russell's complaint. Accordingly, the court dismissed the complaint for failure to state a claim upon which relief can be granted. Russell filed a timely notice of appeal.
 
 
 4
 This Court has held that "[a] motion under Rule 12(b)(6) tests whether a claim has been adequately stated in the complaint. The basic requirements for a pleading are set out in Rule 8(a) and call for a 'short and plain statement showing that the pleader is entitled to relief....' In considering a Rule 12(b)(6) motion, the court must accept as true all factual allegations in the complaint." Nishiyama v. Dickson County, Tenn., 814 F.2d 277, 279 (6th Cir.1987) (citation omitted). A complaint should be dismissed pursuant to Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hospital Bldg. Co. v. Trustees of the Rex Hosp., 425 U.S. 738, 746 (1976).
 
 
 5
 Russell alleges three reasons why Batsche is not entitled to immunity and thus why the district court erred in dismissing Russell's complaint: (1) Batsche did not obtain jurisdiction over Russell's probation because Batsche did not follow the Ohio rules and statutes in regard to probation; (2) the doctrine of judicial immunity should not apply because Russell was unable to appeal the sentence imposed by Batsche; and (3) Batsche's conduct was outside of the authority given to judges and thus cannot be construed as judicial action. We disagree.
 
 
 6
 As the district court properly noted, "judges of courts of limited jurisdiction are entitled to absolute immunity for their judicial acts unless they act in the clear absence of all jurisdiction." King v. Love, 766 F.2d 962, 966 (6th Cir.), cert. denied, 474 U.S. 971 (1985). A judge is thus immune from suit where "at the time he took the challenged action he had jurisdiction over the subject matter before him." Stump v. Sparkman, 435 U.S. 349, 356 (1978). Under Ohio law, finally, a municipal court has jurisdiction over "violations of any misdemeanor committed within the limits of its territory," and a judge or magistrate "may terminate the probation and impose any sentence that originally could have been imposed." See Ohio Rev.Code Ann. Sec. 1901.20(A) (Baldwin's 1993); Ohio Rev.Code Ann. Sec. 2951.09 (Baldwin's 1993). Applying these rules to the instant case, Russell was properly before Batsche, and the latter was therefore entitled to absolute immunity. Whether Batsche exceeded his authority by reimposing sentence without a hearing is immaterial. See King, 766 F.2d at 968.
 
 
 7
 Russell's other assignments of error are also without merit. As to the second assignment, Russell had an obvious remedy, in the form of the writ of habeas corpus that he in fact pursued, if he believed Batsche had erroneously reimposed sentence. A grant of judicial immunity is wholly proper under these circumstances. As to the third assignment, an act is considered non-judicial if "it is one not normally performed by a judicial officer or if the parties did not deal with the judge in his official capacity." Id. at 965. The issuance of a warrant and the imposition of sentence are both acts normally performed by judicial officers. Moreover, Russell, as a defendant and subsequently as a probation violator, came before Batsche in the latter's official capacity as a municipal court judge. Batsche's acts were thus judicial acts.
 
 
 8
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior United States District Judge for the Eastern District of Michigan, sitting by designation